RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2011

TONY R. MOORE, CLERK
BY_____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO.2:05CR20137-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| REGINALD STEVENS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is the defendant's "Motion for Sentence Reduction Pursuant to the Fair Sentencing Act of 2010" [doc. 84].

Procedural History

The defendant, Reginald Stevens ("Stevens"), was charged in Count I of the Indictment with Conspiracy to possess and distribute over fifty grams of cocaine base. Count 2 charged that he possessed with intent to distribute approximately 4.22 grams of cocaine base. Count 3 charged that Stevens possessed with intent to distribute approximately 82.69 grams of cocaine base. Count 4 charged that he distributed approximately 10.7 grams of cocaine base.

On May 25, 2006 [doc. 45], Stevens pleaded guilty to Count 3. On September 28, , 2006 [doc. 56] he was sentenced to 120 months on Count 3 and to 5 years supervised release. Counts 1, 2 and 4 were dismissed.

Stevens filed a Motion for Retroactive Application of Sentencing Guidelines [doc. 71] on January 27, 2009. His motion was denied September 16, 2009, as he had been sentenced to the statutory minimum.

Law

Stevens is again seeking Retroactive Application of Sentencing Guidelines [doc. 84]. He is basing his request on the Fair Sentencing Act of 2010. Stevens is arguing, with no basis in law, that this Act should

be applied retroactively and his sentence should be reduced.

The Fair Sentencing Act of 2010, which amended the penalty provisions of 21 U.S.C. § 841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively. *See* Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010); *United States v. Nelson* 2010 WL 4676614, 1 (4th Cir. Nov. 18, 2010); *United States v. Sweeney*, 2010 WL 4536901, 5 (6th Cir. Nov. 3, 2010); *United States v. Gomes*, 621 F.3d 1343 2010 WL 3810872 (11th Cir. Oct. 1, 2010); *United States v. Carradine*, 621 F.3d 575, 2010 WL 3619799 (6th Cir. Sept. 20, 2010).

The Sentencing Commission is currently contemplating revisions to the Guidelines pursuant to the Fair Sentencing Act of 2010. These revisions would be much like the Sentencing Commission's 2007 revisions to the Guidelines, which required prior sentences to be recalculated and adjusted. *United States v. Brewer*, 624 F.3d 900, 910 (8th Cir. 2010); *Kimbrough v. United States*, 552 U.S. 85, 106, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

Judicial precedent has established that the Fair Sentencing Act of 2010 is not to be applied retroactively and the Sentencing Commission has not determined that sentences should be recalculated as of the date of this ruling. The court does not have the authority to determine otherwise.

Accordingly, the defendant's motion IS DENIED.

Lake Charles, Louisiana, this 29 day of March, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE